NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNIOR SPORTS MAGAZINES INC.;
RAYMOND BROWN; CALIFORNIA
YOUTH SHOOTING SPORTS
ASSOCIATION, INC.; REDLANDS
CALIFORNIA YOUTH CLAY
SHOOTING SPORTS, INC.;
CALIFORNIA RIFLE & PISTOL
ASSOCIATION; THE CRPA
FOUNDATION; GUN OWNERS OF
CALIFORNIA, INC.; SECOND
AMENDMENT FOUNDATION,

     Plaintiffs - Appellants,

  v.

ROB BONTA, in his official capacity as
Attorney General of the State of California,

     Defendant-Appellee.

No. 24-4050

D.C. No.
2:22-cv-04663-CAS-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted June 24, 2025
Seattle, Washington

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We earlier held that Section 22949.80 of the California Business and Professions Code—a statutory scheme that bars firearm advertising that "reasonably appears to be attractive" to minors—violates the First Amendment. *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). On remand, the district court declined to preliminarily enjoin subsection (b) of Section 22949.80, which prevents the firearm industry from compiling or using personal information of minors for marketing purposes. *Junior Sports Mags. Inc. v. Bonta*, 2024 WL 3236250, at *8 (C.D. Cal. June 18, 2024). We reverse the district court and clarify that our constitutional analysis applied to the entirety of Section 22949.80.

## BACKGROUND

In 2022, Junior Sports Magazines Inc. and other plaintiffs (together, "Junior Sports") challenged the constitutionality of a new California law that regulated the advertising and marketing of firearm-related products to minors. *Junior Sports*, 80 F.4th at 1114; *see* CAL. BUS. & PROF. CODE § 22949.80. Junior Sports—which publishes the youth-oriented firearm magazine *Junior Shooters*—argued that the statute improperly burdened free speech under the First and Fourteenth Amendments and moved for a preliminary injunction. The challenged statute has several components:

First, subsection (a) of the statute prohibits "firearm industry members" from "advertising, marketing, or arranging for" communications "offering or promoting

any firearm-related product in a manner . . . attractive to minors." § 22949.80(a) (cleaned up). Second, subsection (b) of the law prohibits firearm industry members from using or compiling the personal information of minors "for the purpose of marketing or advertising to th[e] minor any firearm-related product." § 22949.80(b). Third, the law provides for a civil penalty of up to $25,000 per violation, to be enforced by the California Attorney General or by local officials, as well as a private cause of action. § 22949.80(e). Finally, the statute contains additional subsections with definitions, limitations, and clarifications. *See* §§ 22949.80(c)–(d), (f).

Junior Sports ceased distributing its magazine in California after the law passed but argued that it posed an unconstitutional burden to free speech. *Junior Sports*, 80 F.4th at 1114. We agreed. Reviewing Junior Sports' motion for a preliminary injunction, we held that it was likely to succeed on the merits of its First Amendment claim, even under an intermediate scrutiny standard of review. *Id.* at 1116.

First, we held that Section 22949.80 placed a burden on protected commercial speech, as defined in *Central Hudson*, because it regulated "speech whose content concerns lawful activities and is not misleading." *Id.* at 1117; *see Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 564 (1980). Minors can, for example, legally shoot and hunt in California, but an advertisement for these activities would be swept up by multiple provisions of the law. *See Junior Sports*,

80 F.4th at 1116.  Next, we held that Section 22949.80 did not "directly and materially advance" California's substantial interests in "preventing unlawful possession of firearms by minors and [ ] protecting its citizens from gun violence," because the state did not show that lawful and truthful advertising about firearms spurred gun violence.  *Id.* at 1117, 19 ("California even encourages demand for gun use by minors by giving permit discounts for young hunters.").  Finally, we held that even if the statute did materially advance these interests, it still would be unconstitutionally broad.  Because the statute's provisions cover *any* gun-related marketing or advertising directed at minors—and not only advertisements for illegal or violent behavior—it posed an excessive burden on speech.  *See id.* at 1119–20.  We thus held that Junior Sports succeeded on the first prong of the preliminary injunction test, as well as on the remaining prongs.  *Id.* at 1120–21.

On remand, the district court denied "plaintiffs' motion to enjoin enforcement of Section 22949.80 . . . and instead . . . enjoin[ed] the enforcement of only Section 22949.80(a)."  2024 WL 3236250, at *8.  Junior Sports appeals this decision.

## DISCUSSION

We review the district court's denial of a preliminary injunction for abuse of discretion.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  But "[w]e review conclusions of law de novo and findings of fact for clear error."  *Id.* (citation omitted).  "When the district court is alleged to have relied on an

4                                                                                      24-4050

erroneous legal premise, we review the underlying issues of law de novo." *Harris v. Bd. of Supervisors, Los Angeles Cnty.*, 366 F.3d 754, 760 (9th Cir. 2004).

As a threshold matter, we need not even consider California's argument that subdivision (b) should be severed from the rest of the statute because this argument has been waived. California never argued in the prior appeal that subdivision (a) should be solely enjoined or that subdivision (b) should be severed; this argument shows up for the first time on remand. *See Junior Sports*, 2024 WL 3236250, at *4 (citing § 22949.80(f)). Because California is "now raising a new issue that [it] did not raise in [its] last appeal," we "need not . . . consider a new contention that could have been" raised before. *Munoz v. Imperial Cnty.*, 667 F.2d 811, 817 & n.6 (9th Cir. 1982); *see also Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

California mistakenly argues that it had "no basis . . . to address" the severability issue before. If California wanted to save subdivision (b) from the preliminary injunction, it had a duty to raise that prior to this appeal. *Cf. United States v. City of Arcata*, 629 F.3d 986, 992 (9th Cir. 2010) (declining to consider the defendants' arguments about severability because the defendants "failed to present them clearly in their opening brief" and merely raised them for the first time on reply). Even so, it still fails to offer a credible defense of the district court's partial injunction. Both the structure and reasoning of our prior opinion apply to subsection (b) of Section 22949.80.

First, our prior opinion addressed the statute as a whole and not just subdivision (a). *See Junior Sports*, 80 F.4th at 1114 ("The resulting law," "AB 2571, as later amended by AB 160," "is the subject of this appeal."). We began by framing the parties' dispute over the entire statute, namely "whether we should review § 22949.80 as a restriction of purely commercial speech . . . or as a content- and viewpoint-based restriction of speech." *Id.* at 1115. We characterized the statute's subdivisions as parts of an integral whole—including the advertising, definitions, and penalties subdivisions—since these subsections work together to regulate speech. *See id.* at 1114; CAL. BUS. & PROF. CODE § 22949.80(e) (authorizing injunctive relief to "prevent the harm described in th[e] section" as a whole). And we stated that "§ 22949.80 is likely unconstitutional under the First Amendment." *Junior Sports*, 80 F.4th at 1121.

Second, while our opinion mostly draws from subdivision (a), our analysis of "California's advertising restriction" also applies to subdivision (b). *Id.* at 1116. That provision makes it unlawful to "use, disclose, [or] compile" a minor's personal information "for the purpose of *marketing or advertising* to that minor any firearm-related product." § 22949.80(b) (emphasis added). California tries to frame the provision as a "privacy regulation[]" rather than an advertising restriction, but as the district court noted, "the so-called privacy concerns in subsection (b) appear only to relate to the offering of guns to minors as opposed to for other purposes." Indeed,

the entire provision turns on prohibiting the use of certain information "for the purpose of marketing or advertising . . . firearm-related products" to minors. *Id.* In other words, subsection (b) suffers from the same constitutional flaw as subsection (a): it is a content-based restriction that the government has failed to justify. *See Junior Sports*, 80 F.4th at 1117 (requiring the state to prove that the law "directly and materially advances" the government's interest).

Moreover, California's mistaken argument that subdivision (b) is a privacy rule makes § 22949.80(b) *more* problematic under the logic of our opinion, not less. The state's alleged privacy rule "gives possessors of [minors'] information broad discretion and wide latitude in disclosing the information, while at the same time restricting the information's use by some speakers and for some purposes." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 580 (2011); *cf. Junior Sports*, 2024 WL 3236250, at *6. But the Supreme Court has repeatedly held that a state may not "condition[] privacy on acceptance of a content-based rule that is not drawn to serve the State's asserted interest." *Sorrell*, 564 U.S. at 574; *accord Moody v. NetChoice, LLC*, 603 U.S. 707, 741 (2024). Like subdivision (a), § 22949.80(b) clearly targets only gun-related advertising and marketing, and there is nothing to indicate that it will materially advance any governmental interest. The state may not selectively burden otherwise-lawful speech in the name of protecting privacy, and the district court abused its discretion by enjoining only § 22949.80(a).

Finally, Junior Sports argues for an injunction naming not only the California Attorney General but also "all District Attorneys, County Counsel, and City Attorneys holding office in the state of California." We do not think this necessary. Already, the district court's injunction bound the AG's "officers, agents, servants, employees, and attorneys, and other persons in active concert with them"—consistent with the language of F.R.C.P. 65(d)(2). The district court also directed the AG "to issue an alert notifying" the other requested parties of the injunction. Our court "scrutinize[s] . . . injunctions closely to make sure that the remedy protects the plaintiffs' constitutional rights," but we otherwise defer to the district court. *Gluth v. Kangas*, 951 F.2d 1504, 1509 (9th Cir. 1991). Because Junior Sports has not provided any example of potential or actual improper enforcement of this statute by local officials or localities in the years since its enactment, we do not find it necessary to add them to the injunction.

## CONCLUSION

We **REVERSE** the district court's order denying in part the motion for a preliminary injunction and **REMAND** with instructions to issue a preliminary injunction against the enforcement of the entirety of Cal. Bus. & Prof. Code § 22949.80.

24-4050